RECEIPT # 51936
AMOUNT $ 150.00
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Aboard
DATE 11/21/03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY LOGAN,                                   )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )   COMPLAINT AND JURY DEMAND
                                              )
MERRIMAC PAPER CO., INC.                      )
LEVERAGED EMPLOYEES' STOCK                    )   **03-12351RGS**
OWNERSHIP PLAN AND TRUST, AND                 )
GERARD J. GRIFFIN, JR., BREWSTER              )
STETSON, JAMES MORIARTY AND                   )
JOHN T. LEAHY, as they are or were            )
Administrators and/or Trustees of the         )   MAGISTRATE JUDGE _____
Merrimac Paper Co., Inc. Leveraged            )
Employee Stock Ownership Plan,                )
                                              )
        Defendants.                           )

## INTRODUCTION

1.   This is a case in which Plaintiff seeks to recover vested benefits, accrued through many years of hard work, under the Merrimac Paper Company, Inc., Leveraged Employee Stock Ownership Plan And Trust ("ESOP") due to the breach of fiduciary obligations by the defendant Administrators of Trustees. Plaintiff has claims against Merrimac Paper Company, Inc. ("MPC") based on breach of a written Promissory Note and breach of fiduciary duties under ERISA.

## PARTIES

2.   Plaintiff, Mary Logan ("Logan"), is an individual who resides at 27 Bridle Path Road, Dracut, Massachusetts.

3.   Defendant Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan (the "ESOP") is and at all times relevant hereto was intended to qualify as (i)

a stock bonus plan under Section 401(a) of the Internal Revenue Code of 1986, as amended (the "Code"), (ii) an employee pension benefit plan within the meaning of Section 3(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and (iii) an employee stock ownership plan within the meaning of Code Section 4975(e)(7) and ERISA Section 407(d)(6).

4. The ESOP was established by MPC effective January 1, 1985.

5. Defendant Gerard J. Griffin, Jr., is an individual who resides at 4 Orchard Crossing, Andover, Massachusetts.

6. Defendant Brewster Stetson is an individual who resides at 23 Garrison Road, Wellesley, Massachusetts.

7. Defendant James Moriarty is an individual who resides at 9 Bean Porridge Hill Road, Westminster, Massachusetts.

8. Defendant John T. Leahy is an individual who resides at Thrasher Hill Road, Worthington, Massachusetts.

9. Merrimac Paper Co., Inc. ("MPC") is a duly organized Delaware corporation with a principal place of business at 9 South Canal Street, Lawrence, Essex County, Massachusetts 01842. MPC is the subject of a pending Chapter 11 proceeding in the United States Bankruptcy Court District of Massachusetts (Western Division), entitled In re: Merrimac Paper Company, Inc. et al., Case Nos. 03-41477 through 03-41479 JBR. MPC is not named as Defendant as it is a subject of a confirmed plan of reorganization in the Chapter 11 proceeding and any claims by Logan against MPC are subject to the terms of the plan of reorganization. References to MPC are proffered for purposes of supporting Logan's claims against other named defendants.

## JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction of this action which arises under the laws of the United States, including under Sections 502(a)(1)(B), 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132(a)(1)(B), 1132(a)(2) and 1132(a)(3) (hereinafter "ERISA").

11. Venue is proper in this Court, as Defendants Griffin, Stetson, Moriarty and Leahy reside in Massachusetts, and Defendant ESOP is administered in Massachusetts, pursuant to 28 U.S.C. §1391(b), and ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## BACKGROUND

12. Logan worked conscientiously for sixteen (16) years as a trusted and valuable employee of MPC.

13. MPC established the ESOP to reward hard-working, loyal employees and ". . . to enable participating Employees to share in growth and prosperity of the Merrimac Paper Company, Inc. ("the Company") and to provide Participants with the opportunity to accumulate capital for their future economic security." See Merrimac Paper Company, Inc. Leveraged Employee Stock Ownership Plan And Trust, p.1, a copy of which is attached hereto as Exhibit A.

14. The ESOP is an employee pension benefit plan within the meaning of Section 3(2) of ERISA.

15. Logan has been and is a vested participant in the ESOP.

16. The ESOP provided to Logan, at various times, Summary Plan Description ("SPD") documents describing the ESOP.

17. Defendants Griffin, Stetson, Moriarty, and Leahy, have served as fiduciaries under the ESOP.

18. MPC has been and is the sponsor of the ESOP.

19. A committee has been appointed pursuant to the terms of the ESOP to administer the ESOP (hereinafter called the "ESOP Committee" or "ESOP Administrator").

20. All ESOP assets have been held in trust by the ESOP trustees designated by MPC's board of directors in accordance with the terms of the ESOP (hereinafter called the "ESOP Trustee").

21. On information and belief, from in or about April 1998 to December 30, 2000, Griffin, Stetson and Moriarty served as the exclusive ESOP Trustees and ESOP Committee.

22. On information and belief, from in or about January 1, 2001 to December 31, 2001, Griffin and Stetson served as the exclusive ESOP Trustees and ESOP Committee members.

23. On information and belief, from in or about January 1, 2002 to August, 2002, Griffin served as the sole ESOP Trustee and ESOP Committee Member.

24. On information and belief, from in or about August, 2002 to the present, Leahy has served as the sole ESOP Trustee and ESOP Committee Member.

25. The ESOP provides, in relevant part, as follows:

    (i)    normal retirement age is 65 years;

    (ii)    all benefits shall be distributed either in whole common stock of Plan Sponsor ("Shares") or cash or in a combination thereof;

    (iii)    all benefits shall be payable in a lump sum;

    (iv)    upon termination of employment of a participant for any reason other than death, permanent disability or attaining normal retirement age, the participant's vested account balance shall be payable on the 60th day

following the end of the calendar year in which such employment termination occurs;

    (v)    participants shall have the right to sell (or "put") Shares distributed by ESOP to ESOP or ESOP Sponsor; and

    (vi)    in the event that participants sell Shares to ESOP or ESOP Sponsor, ESOP or ESOP Sponsor will, at their election, pay for the Shares either in a lump sum or in five or less equal annual installments.

26.    Logan separated from employment with the ESOP Sponsor on or about December 22, 2000, prior to attaining age 65 and for reasons other than permanent disability.

27.    As of December 22, 2000, Logan's interest in her individual account balance under ESOP was fully vested.

28.    As of December 30, 2000, Logan's individual account balance under the ESOP was credited with (i) Three Hundred Forty-Four Shares (344) Shares, and (ii) Ten Thousand One Hundred Thirty Dollars and Seventy-One ($10,130.71) U.S. Dollars in cash.

29.    As of December 30, 2000, the Shares credited to Logan's individual account balance under the Plan were valued by or on behalf of the ESOP at One Thousand Eight Hundred Thirty ($1,830.00) Dollars per Share.

30.    As of December 30, 2000, the value of Shares credited to Logan's individual account under the ESOP was Six Hundred Thirty Thousand Eight Hundred Seventy Four Dollars and Twenty ($630,874.20) Cents.

31.    Logan completed, signed and submitted to the ESOP an election form, dated December 22, 2000 (the "Rollover Election"), under which Logan elected to make a direct rollover of Logan's account balance, consisting of both Shares and cash, into an individual retirement account, within the meaning of Section 408 of the Code, established by Logan (the "Logan IRA").

32. Logan completed, signed and submitted a document, dated December 22, 2000, prepared and provided by the ESOP (the "Put Exercise"), pursuant to which Complainant sold to the ESOP the Shares to be transferred to Logan's IRA pursuant to the Rollover Election.

33. The Put Exercise states, in part, as follows: "I understand that under Section 10.01 of [the ESOP], I may receive a distribution from the ESOP in whole [Shares] ... and that under Section 10.04 of the ESOP I have the right (the 'Put') to require the [Defendant ESOP Sponsor] or the ESOP to repurchase those shares. I hereby exercise the Put with respect to 344 Shares of the Company's Common Stock distributed to me by the ESOP. I understand that in accordance with Section 10.04(a) of the ESOP, the Company or the ESOP's Trust will, at their election, pay me in a lump sum or in five or less equal installments for those shares at a closing within thirty (30) days of the date of the Company's receipt of this notice."

34. Payment in the amount of $629,500.00 for the Shares sold by Logan to the ESOP pursuant to the Put Exercise (the "Put Price") was to be transferred directly into Logan's IRA on a tax-free basis in five equal annual installments, commencing on December 30, 2001, of equal principal amounts of $125,904.00 (the "Scheduled Installments").

35. Each of the Scheduled Installments was to be accompanied by an additional amount representing interest on the unpaid balance of the Put Price, calculated at an annual rate of 8.5 percent (the "Scheduled Interest Payments"), which amounts were to be transferred directly into Logan's IRA on a tax-free basis. The amounts of the Scheduled Interest Payments are: $53,509.20 for the payment due on December 29, 2001; $42,807.36 for the payment due on December 30, 2002; $32,105.52 for the payment due on December 30, 2003; $21,403.68

for the payment due on December 30, 2004; and $10,701.84 for the payment due on December 30, 2005.

36. The Scheduled Installments and Scheduled Interest Payments are reflected in a promissory note, dated December 29, 2000, and signed by Griffin (the "Note") and a payment schedule prepared for Logan on or about December 19, 2000.

37. The Note provides, in part, that if any payment required under the Note is not made when due, then Logan or Logan's IRA may elect to declare the Note due and payable immediately and to recover all costs of collection, including attorney's fees.

38. The Note does not identify any security interest.

39. The Defendants, ESOP Committee and ESOP Administrator, and each of their individual members knew or should have known that MPC would not be able to make timely all payments due under the Note based on MPC's long-term financial viability.

40. The Defendants, ESOP Committee and ESOP Administrator, and each of their respective members failed to take reasonable steps to ensure that all payments due under the Note would be timely paid.

41. The Defendants, ESOP Committee and ESOP Administrator and each of their respective members failed to act for the exclusive benefit of Logan and/or other ESOP participants by causing the Note to be issued in the form presented to Logan for execution and by seeking to provide the Put in the manner described.

42. None of the Company, the ESOP or the ESOP's Trust made the first payment required under the Note, in the amount of $179,413.20, which was due on December 29, 2001.

43. Logan submitted two requests in writing to Griffin for an explanation of the failure of ESOP to make the first installment required under the Note.

44. Logan submitted, through her attorney, a written request to Griffin, the ESOP Committee and ESOP Trustee for an explanation of the failure of the ESOP to make the first installment required under the Note.

45. None of the Company, the ESOP or the ESOP's Trust made the second payment required under the Note, in the amount of $168,711.36, which was due on December 30, 2002.

46. The Note is supported by adequate consideration, and is otherwise duly enforceable under Massachusetts law.

47. MPC has materially breached is obligations under the Note.

48. As the reasonable, proximate, and foreseeable result of MPC's breach, Logan has suffered damages.

49. Logan is due all principal and interest due under the Note, plus costs of collection including reasonable attorneys' fees.

### COUNT I – Unlawful Denial of Benefits Under ERISA
### [29 U.S.C. § 1132(a)(1)(B)]

50. Plaintiff restates and incorporates by reference all of the allegations in Paragraphs 1-49 above as though fully set forth herein.

51. Having taken all necessary preliminary steps, Logan is legally entitled to recover benefits due to her under the ESOP and to receive payment from the ESOP for the full amount of her damages.

52. Defendants failed to fulfill their obligation to Logan by paying her the amounts due for her shares, despite her entitlement to such amounts under the ESOP and the Note to do so, and having received valid demands by Logan in accordance with the ESOP and the Note.

53. The Note issued to Logan did (and does) not satisfy Defendants' obligation to pay Logan the accrued benefit under the ESOP because *inter alia* (i) the Note failed to give "adequate security" to Logan as required under the ESOP, ERISA and the Code, see, e.g., Exhibit A at §10.04(a); 29 CFR 2550.408b-3(l)(4); and 26 CFR 54.4975-7(b)(12)(iv); (ii) the provision for payment under the Put was not reasonable as required under ERISA and the Code, see, e.g., 29 CFR 2550.408b-3(l)(4); and 26 CFR 54.4975-7(b)(12)(iv); (iii) Defendants knew that they, neither jointly nor severally, could meet the obligations under the Note at the time of issuance; and (iv) a default under the Note has in fact occurred.

54. Logan has exhausted all administrative prerequisites to compel judicially Defendants to pay their full benefit under the ESOP.

55. As a result of Defendants' failure to repurchase Logan's stock under the ESOP, Logan has not received the benefit to which she is and was entitled under the ESOP (including without limitation Logan's Put right), Logan has suffered monetary damages, and harm to her reasonable retirement plan benefit expectation.

56. The foregoing conduct of Defendants is in violation of ERISA.

### COUNT II – Breach of Duties Under ERISA
### [29 U.S.C. § 1109 and 1132(a)(2)]

57. Logan restates and incorporates by reference all of the allegations in Paragraphs 1-56 above as though fully set forth herein.

58. Defendants have violated their duties under ERISA, including (without limitation) the duty to act with the care, skill, prudence, and diligence under the circumstances

then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims, by *inter alia*:

- A) Failing to provide adequate security for the Note, [which has now been breached by MPC].

- B) Preparing and distributing (or causing to be prepared and distributed) materially misleading information concerning the ESOP, including a SPD which failed to mention the requirement that adequate security be provided, per the express terms of the ESOP.

- C) Failing to administer and operate the ESOP in accordance with its terms.

- D) Failing to discharge their duties with respect to the ESOP solely in the interest of the ESOP participants, including Logan.

- E) Failing to discharge their duties with respect to the ESOP for the exclusive purpose of providing benefits to participants, including Logan.

- F) Failing to investigate, obtain advice, monitor investments, and to remedy wrongs.

- G) Failing to obtain and provide Logan with a determination, based on advice of an independent financial advisor, that the Company was capable of timely making all payments due under the Note.

59.  Logan has materially relied upon the foregoing misconduct of Defendants – including (without limitation) by relying upon the misleading and incomplete SPD in accepting a deficient Note which failed to provide adequate security in violation of ERISA – to her substantial detriment.

60.  As a reasonable and proximate result of the foregoing violation, Logan has been denied the benefit to which she is entitled under the ESOP, in violation of the ESOP and ERISA.

61.  MPC and the individual Defendants, Messrs. Griffin, Stetson, Moriarty and Leahy, are personally liable to reimburse Logan's account within the ESOP for loss caused thereto as a result of their fiduciary duty breaches.

62. Defendants are also liable to restore to the ESOP any profits which such fiduciaries have made through use of assets of the ESOP by the fiduciaries, and shall be subject to such other equitable or remedial relief as the Court may deem appropriate.

### COUNT III – Breach of Duties Under ERISA
### [29 U.S.C. § 1132(a)(3)]

63. Plaintiffs restate and incorporate by reference all of the allegations in Paragraphs 1-62 above as though fully set forth herein.

64. Defendants Griffin, Stetson, Moriarty and Leahy, separately or together, have violated their duties under ERISA, including (without limitation) the duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims, by *inter alia*:

  A) Violating the terms of the ESOP;

  B) Failing to discharge their duties with respect to the ESOP for the exclusive purpose of providing benefits to participants, including Logan;

  C) Failing to discharge their duties with respect to the ESOP solely in the interest of the ESOP participants, including Logan.

65. As a reasonable and proximate result of the foregoing violations, harm has been done to Logan personally and there has been a loss to the ESOP resulting from its failure to provide a required benefit and thereby discharge a liability, in violation of ERISA.

66. Logan is entitled to injunctive and equitable relief, including:

  A) Imposition of a constructive trust in favor of Logan on any money inappropriately obtained by any of the Defendants in, or arising from a, breach of their fiduciary duties;

   B) Enjoining the Defendants from withholding payment to Logan of all principal and interest payments due under the Note and in accordance with the ESOP.

67. Logan also is entitled to such further equitable relief as may be available to enforce her rights under the ESOP.

COUNT IV – Wrongful Refusal To Supply Requested Information
[29 U.S.C. §1132(c)(1)]

68. Logan restates and incorporates by reference all of the allegations in Paragraphs 1-67 above as though fully set forth herein.

69. Defendant Griffin as ESOP Trustee and Committee Member, has failed to respond to any of the requests for ESOP plan documents, including an explanation of the failure of the Defendants to make the payments due Logan for her shares, under the ESOP and the Note.

70. Defendant Griffin as ESOP Trustee and Committee Member failed to meet the requirements of 29 U.S.C. §1132(c)(1)(B) to provide the requested information within thirty days after such requests.

71. Defendant Griffin as ESOP Trustee and Committee Member may in the discretion of the Court be personally liable to Logan in the amount of up to $110 a day from the date of his refusal to provide the requested information.

72. Logan may also receive such other relief as the Court may in its discretion deem proper.

WHEREFORE, Plaintiff Mary Logan respectfully requests this Court to grant Judgment in favor of Logan.

   A. On Count I, against Defendants, awarding Logan all benefits due her under the ESOP and Note.

B.  On Count II, against Defendants, who should be ordered to reimburse Logan's account within the ESOP for all damages caused, and further awarding Logan such further equitable relief as may be available and just.

C.  On Count III, against Defendants who should be ordered to reimburse Logan's account within the ESOP for all damages caused, and further awarding Logan such further equitable relief as may be available and just, as well as statutory penalties of $110 per day.

D.  On Count IV, against Defendant Griffin, awarding all damages which this Court may deem appropriate pursuant to 29 U.S.C. §1132(c)(1) as well as statutory penalties of $110 per day.

E.  Awarding her such further and additional relief as may be available in law or equity, and which is just in this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts so triable.

MARY LOGAN

By her attorneys,

Michael T. Cetrone (BBO #079980)
Peter N. Baylor (BBO #033920)
Robert D. Webb (BBO #555666)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: November 20, 2003