UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************************
WILLIAM L. PROVOST, JR.,           *
                                   *
              Plaintiff,           *
                                   *
v.                                 *
                                   *
MERRIMAC PAPER CO., INC.           *
LEVERAGED EMPLOYEES' STOCK         *     Civil Action No. 03-12504-RGS
OWNERSHIP PLAN AND TRUST,          *
AND GERARD J. GRIFFIN, JR.,        *
BREWSTER STETSON, JAMES            *
MORIARTY AND JOHN T. LEAHY,        *
as they are or were Administrators *
and/or Trustees of the Merrimac    *
Paper Co., Inc. Leveraged Employee *
Stock Ownership Plan,              *
                                   *
              Defendants.          *
***********************************
```

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT GERARD J. GRIFFIN, JR. TO DISMISS COUNT IV OF COMPLAINT

The present Complaint is the subject of a Motion to Dismiss filed by Defendants Griffin, Stetson, Moriarty and Leahy, seeking the dismissal of Counts I-III of the Complaint filed by Plaintiff William L. Provost, Jr. ("Plaintiff"), brought against all of these Defendants.[1] In Count IV of his Complaint, Plaintiff alleges that "as ESOP Trustee and Committee Member," Defendant Griffin violated 29 U.S.C. §1132(c)(1)(B)[2] by not "responding to any of the [Plaintiffs'] requests for ESOP

---

[1] Defendant Griffin incorporates by reference the "Factual Background" section of the "Memorandum of Law of Defendants Brewster Stetson, James Moriarty, Gerard Griffin and John Leahy in Support of Their Motion to Dismiss the Plaintiff's Complaint" ("Defendants' Memorandum"), filed on this date.

[2] Section 1132(c)(1)(B) provides in pertinent part:

Any administrator...who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be

plan documents, including an explanation of the failure of the Defendants to make the payments due [Plaintiff] for [his] shares, under the ESOP and the Note." (Complaint, par. 70; see also Complaint, par. 45 ("Provost submitted, through his attorney, a written request to Griffin, the ESOP Committee and ESOP Trustee for an explanation of the failure of the ESOP to make the first installment required under the Note be paid.")). Plaintiff seeks a civil penalty against Griffin, as well as any other appropriate damages.

For the reasons discussed in Defendants' Memorandum (see pp. 6-10), Count IV must be dismissed because Plaintiff lacks standing to pursue a claim under Section 1132(c)(1)(B). Only "a participant or beneficiary" can maintain a cause of action under this provision. (See Section 1132(c)(1)(B) ("Any administrator...(B) who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant or beneficiary...may in the court's discretion be personally liable to such participant or beneficiary...") (emphasis added). Count IV, like Counts I - III, assumes that Plaintiff was a "vested participant in the ESOP." (See Complaint, par. 15 ("Provost has been and is a vested participant in the ESOP.")). For the reasons discussed above, Plaintiff cannot be considered a "participant" in the ESOP. Accordingly, Count IV must be dismissed.

In addition, Section 1132(c)(1)(B) cannot be used to remedy Mr. Griffin's alleged failure to provide information. Section 1132(c)(1)(B) imposes liability on an "administrator" "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary..." (emphasis added). While Plaintiff does not specify any provision of subchapter I of ERISA (29 U.S.C. §§1001-1191c) which required Mr.

---

personally liable to such participant or beneficiary in the amount of $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

2

Griffin to provide the information at issue, Plaintiff is likely to assert that Mr. Griffin's alleged failure to respond violated 29 U.S.C. §1133. Such argument must be rejected because Section 1133 imposes certain obligations on "every employee benefit plan",[3] and does not apply to plan administrators. ERISA separately defines "employee benefit plan", see 29 U.S.C. §1002(3), and "administrator". See 29 U.S.C. §1002(16)(A) (defining "administrator"). Numerous courts have held that administrators cannot be held liable under Section 1132(c)(1)(B) for alleged violations of Section 1133 by employee benefit plans. See Moffett v. Halliburton Services, Inc., 291 F.3d 1227, 1233 (10th Cir. 2002) ("[A]n alleged failure by the employer or the plan administrator to provide such notice and/or opportunity is not a violation of section 1133."); Wilczynski v. Lumbermen's Mutual Casualty Co., 93 F.3d 397, 406 (7th Cir. 1996) ("Because section 1132(c) authorizes the imposition of sanctions only for the failure or refusals of the 'plan administrator,' and not those of the 'plan,' we hold that section 1132(c) cannot be used to impose civil liability for [violating] section 1133..."); VanderKlok v. Provident Life and Accident Insurance Co., 956 F.2d 610, 618 (6th Cir. 1992) ("[A] violation of section 1133 by the plan administrator does not impose liability on the plan administrator pursuant to section 1132(c), because duties of the *'plan'* as stated in section 1133 are not duties of the *'plan administrator'* as articulated in section 1132(c)." (emphasis in original)); Groves v. Modified Retirement Plan for Hourly Paid employees of Johns Manville Corp. and Subsidiaries, 803 F.2d 109, 116 (3rd Cir. 1986) ("We therefore hold that §502(c) subjects plan

---

[3] 29 U.S.C. §1133 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall --

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

administrators to liability only for failure or refusal to release the information that Subchapter I of ERISA specifically requires plan administrators to release."). Accord, Doe v. Travelers Insurance Co., 167 F.3d 53, 60 (1st Cir. 1999) ("The courts have understandably been cautious in reading too broadly disclosure requirements whose violation [pursuant to Section 1132(c)(1)(B)] can trigger a $100 per day penalty, conceivably available to many plan participants and beneficiaries.").

Applying these principles to this matter, Plaintiff cannot hold an alleged plan administrator liable under Section 1132(c)(1)(B) for violating a provision (Section 1133) which regulates the conduct of employee benefit plans. Accordingly, Count IV must be dismissed.

For all the above reasons, Defendant Griffin prays that Count IV of the Complaint be dismissed with prejudice.

Respectfully submitted,

GERARD J. GRIFFIN, JR.,

By his Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108-4472
Teleephone: (617) 523-6666
Telecopy: (617) 367-3125

By: _____
Robert P. Joy
B.B.O. #254820
Robert P. Morris
B.B.O. #546052

Dated: January 30, 2004

## CERTIFICATE OF SERVICE

    I, Robert P. Morris, certify that on January 30, 2004, I caused a copy of the within pleading to be served by first class mail on Michael T. Gass and Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, Joan Ackerstein and Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116 and on Michael T. Cetrone and Robert D. Webb, Nutter McClennen & Fish, LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2604.

                                                                       _____
                                                                       Robert P. Morris