UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LOGAN,<br><br>　　　　Complainant,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEES' STOCK OWNERSHIP PLAN AND TRUST, AND GERARD J. GRIFFIN, JR., BREWSTER STETSON, JAMES MORIARTY AND JOHN T. LEAHY, as they are or were Administrators and/or Trustees of the Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan,<br><br>　　　　Defendants. | Civil Action No. 03-CV-12351-RGS |

MARY LOGAN'S STATEMENT PURSUANT TO
APRIL 2, 2004 ORDER ON DEFENDANTS' MOTION TO CONSOLIDATE
AND MAY 5, 2004 ORDER AS TO CONSENT

Plaintiff, Mary Logan, hereby states, pursuant to the April 2, 2004 Order on Defendants' Motion To Consolidate and the May 5, 2004 Further Order As To Consent, as follows:

I.　　Issues Raised By Motions To Dismiss That Have Not Been Substantially Addressed In *Eggert*

In its April 2, 2004 Order, the Court adopts ". . . Magistrate Judge Collings' resolution of motion to dismiss in *Eggert* as it applies to the motions to dismiss pending in the . . . (Logan and Provost) cases." The resolution applies to the motions to dismiss pending in the Logan and Provost cases insofar as it denies the motions to dismiss Count II and to the extent

- 1 -

that the rationale of such denial results in the further denial of the motions to dismiss Count III in the Logan/Provost cases.

Plaintiff Mary Logan hereby notifies the Court of issues raised by the Motions To Dismiss ". . . that have not been substantially addressed in *Eggert* . . ." as follows:

A. Logan's Count I in her Complaint alleges acts and omissions of the Defendants, as agents, representatives, and operatives of the Plan including, without limitation, acts and omissions constituting and/or giving rise to the Defendant ESOP's failure to distribute benefits in accordance with its terms and applicable requirements imposed upon the ESOP by ERISA and the Code, and failure to operate in accordance with its terms, which failures combined to effectively deny to Logan benefits in violation of ERISA and the terms of the ESOP. As such, in contrast to Count I of the complaint in the *Eggert* case, Logan's Count I extends beyond a claim simply against the defendant ESOP and therefore such claim is different from, and has not been substantially addressed in, *Eggert*.

B. In *Eggert*, the Court denied the motion to dismiss as to Count II, and dismissed Count III, as it was deemed duplicative of Count II. Counts II and III in Logan's Complaint allege wholly different causes of action. Logan's Count II alleges violations of Sections 409 and 502(a)(2) whereas Count III alleges a violation of Sections 502(a)(3). Therefore, Logan's Counts II and III are entirely different from the *Eggert* Complaint wherein it was determined by the Court that Count III was largely duplicative of Count II.

In the *Eggert* Order, the Court focuses upon one issue in making its determination that Defendants' Motion to Dismiss Count II should be denied, *viz*, whether the plaintiffs are "participants" in the ESOP based on their claim that they did not receive "adequate security" under the promissory note issued by the Company. In its Complaint and Opposition to

Defendants' Motion to Dismiss, Plaintiff asserts additional bases upon which Plaintiff should be deemed a "participant" in the Plan, which is relevant to all Counts of the Complaint. However, inasmuch as the general issue of standing is resolved by the *Eggert* Order in favor of the Plaintiff, Plaintiff will not reassert those additional bases here unless the Court would find it useful or appropriate. Plaintiff's rights, claims and defenses with respect to such additional bases are necessarily reserved.

A significant issue raised in Counts I, II, and III of Plaintiff's Complaint and in Plaintiff's Opposition to Defendants' Motion to Dismiss was addressed in the *Eggert* Order but remains to be resolved in this action, namely, whether the Defendant ESOP purchased the Plaintiff's shares in response to Plaintiff's put? The *Eggert* Order states that it is "absolutely clear" and a "plain fact" that Merrimac Paper Co., Inc. (the "Company"), not the Defendant ESOP repurchased the stock of the *Eggert* plaintiffs pursuant to the put. Plaintiff respectfully maintains that the purchaser of the shares in this action remains an open issue.

The Court based its conclusion upon two findings: (i) the promissory notes were issued by the Company, not the Defendant ESOP, and (ii) payment under the note was to be made in installments, which under Section 10.04 of the ESOP is an option available to the Company, not the ESOP. Plaintiff respectfully disagrees. The issuer of the note is probative, but not determinative, of the identity of the stock purchaser. As sponsor of the ESOP, the Company is the ultimate funding source for the ESOP. Consequently, it might well have elected to issue a promissory note to Plaintiff in an attempt to satisfy a liability of the ESOP. In addition, Section 10.04 does not limit the use of installment payments to the Company, but rather insists that the Company comply with certain substantive requirements if it chooses to use installments. Nowhere does Section 10.04 delineate or otherwise limit the payment terms that

the ESOP may negotiate. *Cf. Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915 (8th Cir. 1994), cited in the *Eggert* Order at pp. 27-28, in which the ESOP purchased the stock in exchange for a promissory note. In short, Plaintiff maintains that the purchaser of the shares remains an open issue that has not been resolved by the *Eggert* Order.

    C.    In *Eggert*, the Court did not address Count IV, a breach of contract claim against the Merrimac Paper Co., Inc., since only the individual defendants moved to dismiss the case. Count IV of Logan's Complaint is entirely disparate, as it alleges facts sufficient to state a cause of action under ERISA Section 502(c)(1).

Logan further requests leave of Court to file with the Court all pleadings, including Opposition Memoranda, and Sur-Reply Memorandum previously filed in connection with the Defendants' Motions To Dismiss, before Judge Stearns.

## II.    Consent

Logan consents to the transfer of the above-captioned civil action to Magistrate Judge Collings for all purposes.

                                                **MARY LOGAN**

                                                By her attorneys,

                                                Michael T. Cetrone (BBO #079980)
                                                Robert D. Webb (BBO #555666)
                                                Nutter McClennen & Fish LLP
                                                World Trade Center West
                                                155 Seaport Boulevard
                                                Boston, MA 02210-2604
Dated: May 19, 2004                        (617) 439-2000

## CERTIFICATE OF SERVICE

This is to certify that on May 19, 2004, copies of the foregoing documents were served upon Defendant James Moriarty's attorney, Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116, Defendants Brewster Stetson and John T. Leahy's attorney, Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue, Boston, MA 02199, and Defendant Gerard Griffin's attorney, Robert P. Morris, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108 by first class mail, postage prepaid.

Michael T. Cetrone