UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 15 P 3: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MARY K. LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Civil Action No. 03-12351-RGS** |
| | ) |
| MERRIMAC PAPER CO., INC. | ) |
| LEVERAGED EMPLOYEES' STOCK | ) |
| OWNERSHIP PLAN AND TRUST, | ) |
| AND GERARD J. GRIFFIN, JR., | ) |
| BREWSTER STETSON, JAMES | ) |
| MORIARTY AND JOHN T. LEAHY, | ) |
| as they are or were Administrators and/or | ) |
| Trustees of the Merrimac Paper Co., Inc. | ) |
| Leveraged Employee Stock Ownership | ) |
| Plan, | ) |
| | ) |
| Defendants. | ) |

SUPPLEMENTAL STATEMENT PURSUANT TO APRIL 2, 2004 ORDER ON
DEFENDANTS' MOTION TO CONSOLIDATE AND
FOLLOWING MAY 26, 2004 HEARING

Plaintiff, Mary Logan, respectfully supplements her previously filed Statement Pursuant

To April 2, 2004 Order On Defendant's Motion To Consolidate.

I.    The Individual Defendants' Motion To Dismiss Count I Should Be Denied On The
Grounds That Said Defendants Are Proper Parties To Count I.

In Count I, Plaintiff seeks to recover benefits to which Plaintiff is entitled under the

terms of the ESOP.  The individual defendants contend that this Count is properly asserted

against the ESOP only.  This contention fails for reasons accepted by the U.S. Court of

Appeals for the Second Circuit in Leonelli v. Pennwault Corporation, 887 F.2d 1195 (2d Cir.

1989).  In Leonelli, the Court of Appeals considered a plaintiff's complaint involving an

- 1 -

alleged denial of benefits under an employee benefit plan regulated by ERISA. When the

plaintiff moved to amend the complaint to allege a claim under Section 1132(a)(1)(B), the U.S.

District Court denied the motion. On appeal, the Second Circuit affirmed, stating:

> "the proposed amended cause of action under ERISA's civil
> enforcement provision, [section] 1132(a)(1)(B), for failure to pay
> benefits due under the Pension Plan would be barred by plaintiff's
> failure to name the Pension Administrative Committee as a
> defendant. In a recovery of benefits claim, only the plan and the
> administrators and trustees of the plan in their capacity as such
> may be held liable. *See* [section] 1132(d)(2); *see also Gelardi v.
> Pertec Computer Corp.*, 761 F.2d 1323, 1324-25 (9th Cir.
> 1984)(per curiam)."

887 F.2d at 1199.

Thus, the Court recognized that denial-of-benefit claims asserted under Section

1132(a)(1)(B) consist not merely (or even necessarily) of allegations that a benefit *plan* has

retained a benefit that should have been distributed to the claimant, but also that the *persons*

charged with the proper operation of the plan have failed in that task. This failure need not

involve a breach of fiduciary duties in order to support a claim against these operators under

Section 1132(a)(1)(B). It is sufficient that these operators have played a role in the benefit

denial that must be corrected in order to provide the claimant with the benefit to which he or

she is entitled. Indeed, the relief available under Section 1132(a)(1)(B) can only be obtained if

these operators correct their denial of benefits. As such, they are not merely proper, but

necessary parties to an action under Section 1132(a)(1)(B).

II.     The Individual Defendants' Motion To Dismiss Count III As Duplicative Of Count II
        Should Be Dismissed On The Grounds That Count II and Count III Allege And Seek
        Separate And Distinct Causes Of Action And Relief.

        Count III is not duplicative of Count II and should not be dismissed as such.  For

reasons summarized below, Count II seeks relief available under ERISA against ESOP

fiduciaries who have breached the responsibilities, obligations and duties imposed upon them

by ERISA.  In contrast, the success of Count III does not rise or fall upon the occurrence of a

fiduciary breach and its remedy is not measured necessarily by the ESOP losses or ill-gotten

gains of the defendants that may have resulted from a fiduciary breach.  As such, both the

claims asserted and the relief sought are distinct and separately cognizable.

        In Count II, Plaintiff relies upon Section 502(a)(2) of ERISA, 29 U.S.C. sec.

1132(a)(2), to obtain appropriate relief under Section 409 of ERISA, 29 U.S.C. sec. 1109.

Section 409 makes available four (4) separate (but not mutually exclusive) types of relief for

which breaching fiduciaries may be held personally liable.  A plan's breaching fiduciaries *shall*

be personally liable (i) "to make good to such plan any losses to the plan resulting from each

such breach," (ii) "to restore to such plan any profits of such fiduciary which have been made

through use of assets of the plan by the fiduciary," (iii) other appropriate "equitable" relief,

and (iv) other appropriate "remedial" relief.[1]

        In Count III, Plaintiff relies upon Section 502(a)(3) of ERISA, 29 U.S.C. sec.

1132(a)(3), to both (i) enjoin the individual defendants, jointly and severally, from their

continuing violation of the provisions of ERISA and the terms of the ESOP, and (ii) obtain

---

[1] 29 U.S.C. sec. 1109 provides, in relevant part, that a fiduciary "shall be subject to such other equitable or remedial relief as the court may deem appropriate, ...."

other appropriate equitable relief to redress these violations and enforce the provisions of

ERISA and the terms of the ESOP.  Unlike Count II, no breach of fiduciary responsibilities,

obligations or duties is necessary in order to prevail under Count III.  Moreover, even in the

presence of such a breach, the relief available under Count III is not limited to remedying the

breach, but more broadly encompasses also such equitable actions as may be appropriate to

enforce the provisions of ERISA and the terms of the ESOP.

CONCLUSION

Therefore, Defendants' Motion To Dismiss should be denied, in all parts, which such

Order would be consistent with the Court's Order as to the Motion to Dismiss in the Eggert

case as fundamental differences between the Eggert Complaint and the present Complaint

provide for such result.

**MARY LOGAN**

By her attorneys,

Michael T. Cetrone (BBO #079980)
Robert D. Webb (BBO #555666)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: June 15, 2004

## CERTIFICATE OF SERVICE

This is to certify that on June 15, 2004, copies of the foregoing documents were served upon Defendant James Moriarty's attorney, Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116, Defendants Brewster Stetson and John T. Leahy's attorney, Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue, Boston, MA 02199, Defendant Gerard Griffin's attorney, Robert P. Morris, Morgan, Brown & Joy, One Boston Place, Boston, MA 02108, Plaintiff Alan R. Eggert's attorney, Jeffrey B. Renton, Gilbert & Renton LLC, 23 Main Street, Andover, MA 01810, and Plaintiff Ralph Harrison's attorney, Thomas P. Smith, Caffrey & Smith, P.C., 300 Essex Street, Lawrence, MA 01840, by first class mail, postage prepaid.

Michael T. Cetrone