UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARY LOGAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| MERRIMAC PAPER CO., INC. | * |
| LEVERAGED EMPLOYEES' STOCK | *   Civil Action No. 03-12351-RGS |
| OWNERSHIP PLAN AND TRUST, | *                              RBC |
| AND GERARD J. GRIFFIN, JR., | * |
| BREWSTER STETSON, JAMES | * |
| MORIARTY AND JOHN T. LEAHY, | * |
| as they are or were Administrators | * |
| and/or Trustees of the Merrimac | * |
| Paper Co., Inc. Leveraged Employee | * |
| Stock Ownership Plan, | * |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT GERARD J. GRIFFIN, JR. TO DISMISS COUNT IV OF THE COMPLAINT

In his Motion to Dismiss Count IV of the Complaint, Mr. Griffin relied upon the argument, set forth in the main brief of all individual defendants, that Plaintiff lacks standing to pursue this claim. Magistrate Judge Collings recently denied a motion to dismiss filed by the individual defendants on this issue in the related civil action pending before him. (See "Memorandum and Order on Motion of Defendants Brewster Stetson and John T. Leahy to Dismiss Second Amended Complaint, Motion of Defendant Gerard J. Griffin, Jr. to Dismiss Plaintiffs' Second Complaint, and Defendant James Moriarty's Motion to Dismiss Plaintiffs' Second Amended Complaint," in Alan R. Eggert and Ralph Harrison v. The Merrimac Paper Co., Inc., et al., Civil Action No. 03-10048-RBC, 3/31/04). For the reasons set forth in the "Individual Defendants' Reply

Memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss" (at 2), Mr. Griffin requests that this count be dismissed.

Moreover, Ms. Logan's contention that she states an actionable claim under 29 U.S.C. §1132(c)(1)(b) of the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq. ("ERISA"), should be rejected for additional reasons. In her Complaint, Ms. Logan did not identify the ERISA subsection that required Mr. Griffin (the alleged plan administrator) to comply with the request for information alleged therein  (See Complaint, par. 44 ("Logan submitted, through her attorney, a written request to Griffin, the ESOP Committee and ESOP Trustee for an explanation of the failure of the ESOP to make the first installment required under the Note."); par. 69 ("Defendant Griffin as ESOP Trustee and Committee Member, has failed to respond to any of the requests for ESOP plan documents, including an explanation of the failure of Defendants to make the payments due Logan for her shares, under the ESOP and the Note.")).

Now, for the first time, in opposing Mr. Griffin's motion, Ms. Logan has asserted that 29 U.S.C. §1024(b)(4)[1] and 29 U.S.C. §1025[2] of ERISA required Mr. Griffin to explain why she did

---

[1]Section 1024(b)(4) provides in pertinent part:

> Publication of the summary plan descriptions and annual reports shall be made to participants and beneficiaries of the particular plan as follows...
>
>> (4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.  The administrator may make a reasonable charge to cover the cost of furnishing such complete copies.  The Secretary

2

not receive payments under the promissory note he entered into with Merrimac Paper Company. (See Opposition of Plaintiff Mary Logan to Motion of Defendant Gerard J. Griffin, Jr. to Dismiss Count IV of Complaint, at 4.). Ms. Logan specifically relies upon the requirement in Section 1024(b)(4) that plan administrators "furnish a copy of...other instruments under which the plan is established or operated." "Clearly," Ms. Logan asserts (at 4), "documents relating to the ESOP's payment of benefits, or failure to do so, constitute instruments under which the ESOP was operated." Ms. Logan cites no authority in support of this proposition.

Ms. Logan's position is meritless. In Faircloth v. Lundy Packing Co., 91 F.3d 648,

---

> may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

[2]Section 1025 provides in pertinent part:

> (a) Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information --
>
> (1) the total benefits accrued, and
>
> (2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable...
>
> (c) Each administrator required to register under section 6057 of Title 26 shall, before the expiration of the time prescribed for such registration, furnish to each participant described in subsection (a)(2)(C) of such section, an individual statement setting forth the information with respect to such participant required to be contained in the registration statement required by section 6057(a)(2) of Title 26. Such statement shall also include a notice to the participant of any benefits which are forfeitable if the participant dies before a certain date.

653-654 (4th Cir. 1996), cert. denied, 519 U.S. 1077 (1997), the court held that the term "other instruments" in Section 1024(b)(4) encompasses "only formal or legal documents under which a plan is set up or managed." Other courts have reached the same conclusion. See Board of Trustees of CWA/ITU Negotiated Pension Plan v. Weinstein, 107 F.3d 139, 142 (2nd Cir. 1997) (in Section 1024(b)(4), "Congress meant the formal legal documents that govern or confine a plan's operations, rather than the routine documents with which or by the means of which a plan conducts its operations."); Gashlin v. Prudential Insurance Co. of America Retirement System for the United States Employees and Special Agents, 286 F.Supp. 2d 407, 423-424 (D. N.J. 2003) ("A plain reading of the Act makes evident that 'other instruments under which the plan is established or operated' refers to documents that govern the pension plan..."). See also Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan, 72 F.3d 686, 691 (9th Cir. 1995) (en banc), cert. denied, 517 U.S. 1189 (1996) (Section 1024(b)(4) requires the disclosure of "only the documents described with particularly and 'other instruments' similar in nature.").

In Doe v. Trustees Insurance Co., 167 F.3d 53 (1st Cir. 1999), the court vacated a $38,000 penalty assessed against an insurer for not providing a copy of mental health guidelines used by a plan administrator in considering a claim for benefits. In its opinion, the court held that the mental health guidelines did not constitute "other instruments" under Section 1024(b)(4), "a phrase that in context refers to the formal legal documents that underpin the plan." 167 F.3d at 60, citing Faircloth v. Lundy Packing Co., supra, and Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non-Bargaining Retirement Plan, supra.

Here, Ms. Logan alleges that she principally sought an explanation why the ESOP had not made the first installment required pursuant to its terms. (See Complaint, par. 43 ("Logan

submitted two requests in writing to Griffin for an explanation of the failure of the ESOP to make the first installment required under the Note."). Such documents fall outside the scope of what must be produced under Section 1024(b)(4). A written explanation of an alleged failure to make payment is not a "formal legal document [ ] that underpin[s] the plan, "see Doe v. Trustees Insurance Co., 167 F.3d at 60, such that it cannot come within the term "other instruments" in Section 1024(b)(4). Nor does the written explanation sought by Ms. Logan come within the information which administrators must produce under Section 1025.

In sum, then, Ms. Logan claims that Mr. Griffin was required by Sections 1024(b)(4) and 1025 of ERISA to provide her a written explanation of why the Company failed to make the first installment payment under the note. However, these sections impose no such requirement on Mr. Griffin. Accordingly, Count IV should be dismissed.[3]

For all the above reasons, and the reasons set forth in Mr. Griffin's underlying memorandum of law, Count IV of the Complaint should be dismissed.

---

[3] To the extent that Ms. Logan sought the "legal documents" undergirding the ESOP, the motion to dismiss is still appropriate as to the alleged information request pertaining to the non-payment of benefits.

Respectfully submitted,

GERARD J. GRIFFIN, JR.,

By his Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108-4472
Telephone: (617) 523-6666
Telecopy: (617) 367-3125

By: _____
Robert P. Joy
B.B.O. #254820
Robert P. Morris
B.B.O. #546052

Dated: April 14, 2004

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on April 14, 2004, I caused a copy of the within pleading to be served by first class mail on Michael T. Gass and Christine M. O'Connor, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, Joan Ackerstein and Richard W. Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116 and on Michael T. Cetrone and Robert D. Webb, Nutter McClennen & Fish, LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2604.

_____
Robert P. Morris