**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mary Logan,<br>       Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, et al.,<br>       Defendants. | Civil No. 03-12351-RBC |
| William Provost, Jr.,<br>       Plaintiff,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, et al.,<br>       Defendants. | Pretrial coordinated with:<br><br>Civil No. 03-12504-RBC |
| ALAN R. EGGERT and RALPH HARRISON,<br>       Plaintiffs,<br><br>v.<br><br>MERRIMAC PAPER CO., INC. LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST (the "ESOP"), MERRIMAC PAPER CO., INC., in its corporate capacity and as Sponsor of the ESOP, and GERALD J. GRIFFIN, JR., BREWSTER STETSON, JAMES MORIARTY, and JOHN T. LEAHY, as they are or were Administrators and/or Trustees of the ESOP,<br>       Defendants. | and<br><br>Civil No.   03-10048-RBC |

**DEFENDANT BREWSTER STETSON'S
ANSWER TO THE COMPLAINT OF PLAINTIFF MARY LOGAN**

Defendant Brewster Stetson ("Stetson") answers the correspondingly numbered paragraphs of plaintiff Mary Logan's ("Logan") Complaint as follows:

1. This paragraph purports to be part of an "Introduction" to the Complaint, broadly summarizing plaintiff's position in this matter. This paragraph does not comply with the requirements of Rule 8(e)(1) and accordingly no response is required. To the extent a response may be required, Stetson admits that Logan was an employee of Defendant Merrimac Paper Co., Inc. ("MPC") and that Logan had been a participant in the Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan and Trust (the "ESOP") and denies the remaining allegations of the first sentence of paragraph 1. To the extent the second sentence of paragraph 1 makes allegations directed at and regarding a non-party, no response is required from Stetson. To the extent the second sentence of this paragraph is directed to Stetson, he states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Stetson admits that Logan is an individual and states he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Stetson denies the allegations in Paragraph 3 to the extent the allegations purport to describe the current status of the ESOP, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Stetson further answers that the allegations contain legal conclusions, as to which no responsive pleading is necessary.

4. Stetson admits the allegations of paragraph 4.

5. Stetson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Stetson admits the allegations of paragraph 6.

7. Stetson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Stetson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Stetson admits the allegations of the first and second sentences of paragraph 9. Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of this paragraph, except that he admits that MPC is subject to a confirmed plan of reorganization. Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence of this paragraph.

10. Paragraph 10 of the Complaint contains legal conclusions as to which no responsive pleading is necessary. To the extent a response is required, Stetson denies the allegations of this paragraph.

11. Paragraph 11 of the Complaint contains legal conclusions as to which no responsive pleading is necessary. To the extent a response is required, Stetson denies the allegations of this paragraph.

12. Stetson is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. To the extent paragraph 13 makes allegations directed at and regarding a non-party, no response is required from Stetson. To the extent a response is required, Stetson is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 10. Stetson denies that the document attached as Exhibit A to the Complaint represents the version of the Merrimac Paper Company, Inc. Leveraged Employee

3

Stock Ownership Plan and Trust (the "ESOP") plan document in effect at the relevant time periods and further answers that the operative ESOP plan documents speak for themselves.

14. Paragraph 14 of the Complaint sets forth a legal conclusion as to which no response is necessary. To the extent a response is required, Stetson admits the allegations in this paragraph.

15. Stetson admits that Logan had been a vested participant in the ESOP. Stetson denies the remaining allegations of paragraph 15.

16. Stetson is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 16.

17. To the extent paragraph 17 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 17 is directed to Stetson, he admits that he has served as a fiduciary under the ESOP but denies the implication that he served as a fiduciary at any relevant time.

18. To the extent paragraph 18 makes allegations directed at and regarding a non-party, no response is required from Stetson. To the extent a response is required, Stetson admits that MPC has been the sponsor of the ESOP. Stetson denies that MPC is currently the sponsor of the ESOP.

19. Stetson admits that from the time he first became an ESOP trustee through the termination of the ESOP, the ESOP committee administered the ESOP. Stetson denies that the ESOP committee currently administers the ESOP. Further answering, Stetson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20. Stetson admits that during the time period in which he served as an ESOP trustee, ESOP assets were held in trust and at the time he was appointed to serve as an ESOP trustee, MPC's board of directors designated ESOP trustees. Stetson denies that ESOP assets currently are held in trust. Further answering, Stetson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20.

21. To the extent paragraph 21 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 21 is directed to Stetson, he admits that he was an ESOP Trustee from sometime in the first half of 1998 until he resigned on December 19, 2001, denies that he served as an ESOP Committee member and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

22. To the extent paragraph 22 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 22 is directed to Stetson, he admits that he was an ESOP Trustee from sometime in the first half of 1998 until he resigned on December 19, 2001, denies that he served as an ESOP Committee member, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

23. To the extent paragraph 23 makes allegations directed to other defendants, no response is required from Stetson. To the extent an answer is required, Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

24. To the extent paragraph 24 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 24 is directed to Stetson, he answers

5

that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

25.  Stetson admits the allegations of paragraph 25 to the extent consistent with the operative ESOP plan documents, and denies the allegations to the extent inconsistent with the operative ESOP plan documents.

26.  Stetson answers that he believes that Logan's employment by MPC ended in late 2000 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26.

27.  Stetson admits that in December 2000 Logan had a vested interest in her ESOP account and further answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28.  Stetson admits the allegations of paragraph 28.

29.  Stetson admits the allegations of paragraph 29.

30.  Stetson admits the allegations of paragraph 30.

31.  Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.  Stetson further answers that the document referred to by Logan as the "Rollover Election" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

32.  Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.  Stetson further answers that the document referred to by Logan as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

33.     Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33. Stetson further answers that the document referred to by Logan as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

34.     Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34. Stetson further answers that the document referred to by Logan as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

35.     Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35. To the extent the use of the term "Scheduled Installments," as defined in paragraph 34 of the Complaint, suggests the allegations in this paragraph reflect or rely upon the document referred to by Logan as the "Put Exercise," Stetson further answers that the document has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

36.     Stetson answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. Stetson further answers and admits that a promissory note (the "Promissory Note") was issued to Logan, that the Promissory Note speaks for itself and no response is necessary. To the extent a response is required, Stetson admits the allegations of paragraph 36 to the extent consistent with the Promissory Note and denies the remaining allegations of paragraph 36 to the extent inconsistent with the Promissory Note. To the extent the use of the terms "Scheduled Installments," as defined in paragraph 34 of the Complaint, or "Scheduled Interest Payments," as defined in paragraph 35 of the Complaint, suggests the allegations in this paragraph reflect or

rely upon the document referred to by Logan as the "Put Exercise," Stetson further answers that the document has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

37. Stetson answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself and no response is necessary. To an extent a response is necessary, Stetson admits the allegations of paragraph 37 to the extent consistent with the Promissory Note and denies the remaining allegations of paragraph 37 to the extent inconsistent with the Promissory Note.

38. Stetson answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself and no response is necessary. To an extent a response is necessary, Stetson admits the allegations of paragraph 38 to the extent consistent with the Promissory Note and denies the remaining allegations of paragraph 38 to the extent inconsistent with the Promissory Note.

39. To the extent paragraph 39 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 39 is directed to Stetson, he denies the allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

40.     To the extent paragraph 40 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 40 is directed to Stetson, he denies the implicit allegation that he had obligation under the document referred to by Logan as the "Note" or under the Promissory Note, as referenced in paragraph 36 above, and denies the remaining allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, Stetson states that that document speaks for itself.

41.     To the extent paragraph 41 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 41 is directed to Stetson, he denies the implicit allegation that he cause the document referred to by Logan as the "Note" or the Promissory Note, as referenced in paragraph 36 above, to be issued and denies the remaining allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, Stetson states that that document speaks for itself.

42.     To the extent paragraph 42 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 42 is directed to Stetson, he denies the implicit allegation that he had obligation under the document referred to by Logan as the "Note" or under the Promissory Note, as referenced in paragraph 36 above. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, Stetson states that that document speaks for itself. Stetson

further answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, except that he believes that no payments were made to Logan after distribution of her ESOP benefits.

43. To the extent paragraph 43 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 43 is directed to Stetson, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

44. To the extent paragraph 44 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 44 is directed to Stetson, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

45. To the extent paragraph 45 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 45 is directed to Stetson, he denies the implicit allegation that he had obligation under the document referred to by Logan as the "Note" or under the Promissory Note, as referenced in paragraph 36 above. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is

referring to the Promissory Note, Stetson states that that document speaks for itself.  Stetson further answers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45, except that he believes that no payments were made to plaintiff after distribution of her ESOP benefits.

46. Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.  Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.  To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

47. To the extent paragraph 47 makes allegations directed at and regarding a non-party, no response is required from Stetson.  To the extent paragraph 47 is directed to Stetson, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.  Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.  To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

48. To the extent paragraph 48 makes allegations directed at and regarding a non-party, no response is required from Stetson.  To the extent paragraph 48 is directed to Stetson, he denies the allegations of this paragraph.

49. To the extent paragraph 49 makes allegations directed to other defendants, no response is required from Stetson.  To the extent paragraph 49 is directed to Stetson, he denies the allegations of this paragraph.  Stetson further answers that the document referred to by Logan

as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

### COUNT I – Unlawful Denial of Benefits Under ERISA
### [29 U.S.C. § 1132(a)(1)(B)]

50. Stetson repeats and realleges his responses to paragraphs 1 through 49 as if fully set forth herein.

51. To the extent paragraph 51 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 51 is directed to Stetson, he answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff has "taken all necessary preliminary steps" and states that the remaining allegations of this paragraph contain legal conclusions, to which no response is necessary.

52. To the extent paragraph 52 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 52 is directed to Stetson, he denies the allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

53. To the extent paragraph 53 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 53 is directed to Stetson, answers, with respect to clauses (i), (ii) and (iv), the allegations contain legal conclusions, to which no response is necessary and with respect to clause (iii), he denies the implicit allegation that he had obligation under the document referred to by Logan as the "Note" or under the Promissory Note, as referenced in paragraph 36 above, and denies the remaining allegations. Stetson further

answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

54. Stetson answers that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Logan has exhausted all administrative prerequisites" and denies the remaining allegations of paragraph 54.

55. To the extent paragraph 55 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 55 is directed to Stetson, he denies the allegations of this paragraph.

56. To the extent paragraph 56 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 56 is directed to Stetson, he denies the allegations of this paragraph.

## COUNT II – Breach of Duties Under ERISA
### [29 U.S.C. § 1109, 1132(a)(2), 1132(a)(3)]

57. Stetson repeats and realleges his responses to paragraphs 1 through 56 as if fully set forth herein.

58. To the extent paragraph 58 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 58 is directed to Stetson, he denies the allegations of this paragraph. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

59. To the extent paragraph 59 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 59 is directed to Stetson, he denies the allegation of misconduct and that the Summary Plan Descriptions were misleading and incomplete. Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself. Stetson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59.

60. To the extent paragraph 60 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 60 is directed to Stetson, he denies that plaintiff has been denied her ESOP benefits and that the remaining allegations contain legal conclusions, to which no response is necessary.

61. To the extent paragraph 61 makes allegations directed to other defendants or directed at and regarding a non-party, no response is required from Stetson. To the extent paragraph 61 is directed to Stetson, he denies the allegations of this paragraph.

62. To the extent paragraph 62 makes allegations directed to other defendants, no response is required from Stetson. To the extent paragraph 62 is directed to Stetson, he denies the allegations of this paragraph.

## COUNT III – Breach of Duties Under ERISA
### [29 U.S.C. § 1109 and 1132(a)(3)]

63. Stetson repeats and realleges his responses to paragraphs 1 through 62 as if fully set forth herein.

64.     To the extent paragraph 64 makes allegations directed to other defendants, no response is required from Stetson.  To the extent paragraph 64 is directed to Stetson, he denies the allegations of this paragraph.

65.     To the extent paragraph 65 makes allegations directed to other defendants, no response is required from Stetson.  To the extent paragraph 65 is directed to Stetson, he denies the allegations of this paragraph.

66.     To the extent paragraph 66 makes allegations directed to other defendants, no response is required from Stetson.  To the extent paragraph 66 is directed to Stetson, he denies the implicit allegation that he had obligation under the document referred to by Logan as the "Note" or the Promissory Note, as referenced in paragraph 36 above, and denies the remaining allegations of this paragraph.  Stetson further answers that the document referred to by Logan as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.  To the extent Logan is referring to the Promissory Note, as referenced in paragraph 36 above, Stetson states that that document speaks for itself.

67.     To the extent paragraph 67 makes allegations directed to other defendants, no response is required from Stetson.  To the extent paragraph 67 is directed to Stetson, he denies the allegations of this paragraph.

**COUNT IV – Wrongful Refusal to Supply Requested Information**
**[29 U.S.C. § 1132(c)(1)]**

68-72.  No response is required to the allegations of Count IV, having been dismissed by Court order dated October 5, 2004.

Stetson further answers that any allegations in the Complaint requiring a response from Stetson not specifically admitted are denied.

Stetson denies that plaintiff is entitled to any of the relief she has requested.

15

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims under ERISA, 29 U.S.C. § 1001 et seq.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every alleged claim contained in it, fails to state facts sufficient to constitute a claim against Stetson upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Without conceding plaintiff has suffered any damages as a result of any purportedly wrongful act of Stetson or other defendants, plaintiffs have failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Stetson acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Stetson did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a result of plaintiff's own actions or inactions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of some or any alleged damages based on the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by plaintiff was caused in whole or in part by the acts or omissions of other persons or entities for whose actions or conduct Stetson has no responsibility.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred by the doctrine of laches because plaintiff inexcusably and unreasonably delayed in commencing the action, to Stetson's prejudice.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for which relief can be granted because Stetson owed no legal duty pertaining to the injuries claimed by plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the equitable doctrines of ratification or acquiescence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages attributable to any actions of Stetson.

**TWELFTH AFFIRMATIVE DEFENSE**

There is accord and satisfaction between plaintiff and the ESOP for any amounts which plaintiff was entitled therefrom.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Stetson intends to rely upon such other affirmative defenses as may become available or apparent during discovery, and reserve the right to amend his answer to assert any such defenses.

**IMPROPER JURY DEMAND**

Plaintiff is not entitled to a jury trial with respect to any of the remaining claims against Stetson, and thus their request for a jury trial should be stricken.

WHEREFORE, Stetson respectfully request that this Court:

1) Dismiss plaintiff's Complaint and each cause of action thereof with prejudice;

2) Award Stetson his costs incurred herein, including attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

    3)    Award Stetson such other and further relief as the Court may deem just and proper.

BREWSTER STETSON,<br>
by his attorneys,<br><br>
/s/ Christine O'Connor<br>
coconnor@palmerdodge.com<br><br>
Michael T. Gass (BBO #546874)<br>
Christine O'Connor (BBO # 647535)<br>
PALMER &amp; DODGE LLP<br>
111 Huntington Avenue at Prudential Center<br>
Boston, MA 02199<br>
(617) 239-0100

October 29, 2004

**CERTIFICATE OF SERVICE**

I, Christine O'Connor, certify that on October 29, 2004, a copy of the foregoing document was served by hand delivery upon Michael T. Cetrone, Nutter McClennen & Fish LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210 2604.

/s/ Christine O'Connor