UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| **MARY LOGAN,** | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| **MERRIMAC PAPER CO., INC.** | \* |
| **LEVERAGED EMPLOYEES' STOCK** | \*  Civil Action No. 03-12351-RBC |
| **OWNERSHIP PLAN AND TRUST,** | \* |
| **AND GERARD J. GRIFFIN, JR.,** | \* |
| **BREWSTER STETSON, JAMES** | \* |
| **MORIARTY AND JOHN T. LEAHY,** | \* |
| as they are or were Administrators | \* |
| and/or Trustees of the Merrimac | \* |
| Paper Co., Inc. Leveraged Employee | \* |
| Stock Ownership Plan, | \* |
| | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND AFFIRMATIVE DEFENSES OF GERARD J. GRIFFIN
TO COMPLAINT AND JURY DEMAND**

For his answer to the Complaint and Jury Demand of Plaintiff Mary Logan, ("Complaint"), Defendant Gerard J. Griffin, Jr. ("Defendant") states that:

1. Paragraph 1 of the Complaint purports to summarize Plaintiff's claims, and accordingly no responsive pleading is required thereto. To the extent a responsive pleading may be required, Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff is an individual, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions as to which no responsive pleading is required. Further responding, Defendant states that to the extent a responsive pleading may be required, Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits that he is an individual, but denies the remaining allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 9 of the Complaint. Further answering, the third and fourth sentences of paragraph 9 of the Complaint contain legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

10. Paragraph 10 of the Complaint contains legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading may be required, Defendant denies the allegations therein.

11. Paragraph 11 of the Complaint contains legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading may be required, Defendant denies the allegations therein.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. To the extent paragraph 13 of the Complaint makes allegations directed at and regarding a non-party, no response is required from Defendant. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 of the Complaint. Further answering, Defendant denies that the document attached as Exhibit A to the Complaint represents the version of the Merrimac Paper Company, Inc. Leveraged ESOP plan document in effect at the relevant time periods and further answers that the operative ESOP plan documents speak for themselves.

14. Paragraph 14 of the Complaint contains a legal conclusion as to which no response is necessary. To the extent a response is required Defendant admits the allegations therein.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. To the extent paragraph 17 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 17 of the Complaint is directed to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

18.     To the extent paragraph 18 of the Complaint, Defendant makes allegations directed at and regarding a non-party, no response is required from Defendant.  To the extent a response is required, Defendant admits that during the time period in which he served as an ESOP trustee, MPC was the sponsor of the ESOP.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant admits that during the time period in which he served as an ESOP trustee, the ESOP committee administered the ESOP.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint.

20.     Defendant admits that during the time period in which he served as an ESOP trustee, ESOP assets were held in trust and MPC's board of directors designated ESOP trustees.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint.

21.     To the extent paragraph 21 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant.  To the extent paragraph 21 of the Complaint is directed to Defendant, Defendant admits the allegations therein.

22.     To the extent paragraph 22 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant.  To the extent paragraph 22 of the Complaint is directed to Defendant, Defendant admits the allegations therein.

23. To the extent paragraph 23 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 23 of the Complaint is directed to Defendant, Defendant admits the allegations therein.

24. To the extent paragraph 24 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 24 of the Complaint is directed to Defendant, Defendant admits the allegations therein.

25. Defendant denies that the document attached as Exhibit A to the Complaint represents the version of the ESOP plan document in effect at the relevant time periods. Further answering, Defendant admits the allegations in paragraph 25 of the Complaint to the extent consistent with the operative plan documents, and denies the allegations in paragraph 25 of the Complaint to the extent inconsistent with the operative plan documents.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Defendant admits that some time prior to December 22, 2000, Plaintiff was vested in her individual ESOP account. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.  Further answering, Defendant states that the document referred to by Plaintiff as the "Rollover Election" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.  Further answering, Defendant states that the document referred to by Plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.  Further answering, Defendant states that the document referred to by Plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.  Further answering, Defendant states that the document referred to by Plaintiff as the "Put Exercise" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.  Further answering, Defendant states that

the document referred to by Plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint. Further answering, Defendant states that the document referred to by Plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint. Further answering, Defendant states that the document referred to by Plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself.

39. To the extent paragraph 39 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 39 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

40 To the extent paragraph 40 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 40 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

41. To the extent paragraph 41 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 41 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

42. To the extent paragraph 42 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 42 of the Complaint

is directed to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint. Further answering, Defendant states that the documents referred to by Plaintiff as "two requests in writing" have not been attached to the Complaint but, to the extent such documents exist, they speak for themselves.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint. Further answering, Defendant states that the document referred to by Plaintiff as "a written request" has not been attached to the Complaint but, to the extent such documents exist, they speak for themselves.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. To the extent paragraph 48 of the Complaint makes allegations directed at and regarding a non-party, no response is required from Defendant. To the extent paragraph 48 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

49. To the extent paragraph 49 of the Complaint makes allegations directed at and regarding a non-party, no response is required from Defendant. To the extent paragraph 49 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

50. Defendant restates and incorporates by reference all responses to the allegations in paragraphs 1-49 as though fully set forth herein.

51. To the extent paragraph 51 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 51 of the Complaint is directed to Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has "taken all necessary preliminary steps" and states that the remaining allegations of this paragraph contain legal conclusions, to which no responsive pleading is necessary. To the extent that a responsive pleading is required, Defendant denies such allegations.

52. To the extent paragraph 52 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 52 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

53. To the extent paragraph 53 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 53 of the Complaint is directed to Defendant, Defendant states that the document referred to by Plaintiff as the "Note" has not been attached to the Complaint but, to the extent such a document exists, it speaks for itself. Further answering, Defendant states with respect to clauses (i), (ii) and (iv), the allegations contain legal conclusions, to which no response is necessary, and with respect to clause (iii), Defendant denies the allegations therein.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. To the extent paragraph 55 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 55 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

56. To the extent paragraph 56 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 56 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

57. Defendant restates and incorporates by reference all responses to the allegations in paragraphs 1-56 as though fully set forth herein.

58. To the extent paragraph 58 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 58 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

59. To the extent paragraph 59 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 59 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

60. To the extent paragraph 60 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 60 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

61. To the extent paragraph 61 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 61 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

62. To the extent paragraph 62 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 62 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

63. Defendant restates and incorporates by reference all responses to the allegations in paragraphs 1-62 as though fully set forth herein.

64. To the extent paragraph 64 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 64 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

65. To the extent paragraph 65 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 65 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

66. To the extent paragraph 66 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 66 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

67. To the extent paragraph 67 of the Complaint makes allegations directed to other Defendants, no response is required from Defendant. To the extent paragraph 67 of the Complaint is directed to Defendant, Defendant denies the allegations therein.

68. Defendant restates and incorporates by reference all responses to the allegations in paragraphs 1-67 as though fully set forth herein.

69-72. No response is required to paragraphs 69-72 of the Complaint (Count IV), since Count IV has been dismissed by order of this Court dated October 5, 2004.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs lack standing to bring claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq., to pursue the claims alleged in the Complaint.

2. There is an accord and satisfaction between Plaintiff and the ESOP for any amounts to which Plaintiff was entitled therefrom.

3. The Complaint, and each and every alleged claim contained in it, fails to state facts sufficient to constitute a claim against Defendant upon which relief can be granted.

4. Plaintiff's right to relief is barred because at all relevant times Defendant acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances, and Defendant did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

5. Plaintiff's claims fail as a result of each Plaintiff's own actions or inactions.

6. Plaintiff is barred from recovery of some or any alleged damages based on the doctrine of waiver.

7. Any damages allegedly sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons or entities other than Defendant, and for whose acts or omissions Defendant is not liable.

8. The claims alleged in the Complaint are barred by the doctrine of laches because Plaintiffs inexcusably and unreasonably delayed in commencing the action, to Defendant's prejudice.

9. Plaintiff's claims are barred by the equitable doctrines of ratification or acquiescence.

10. Plaintiff has not suffered any damages attributable to any actions of Defendant.

11. Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant or any other Defendants, Plaintiff has failed to mitigate his damages.

12. Plaintiff's claims fail, in whole or in part, because of the lack of a legal duty owed by Defendant to Plaintiff.

13. Plaintiff is not entitled to attorneys' fees on the claims alleged.

14. Plaintiff has no legal right to the compensatory relief sought in the Complaint.

15. Plaintiff's claims are barred by the doctrines of waiver and estoppel .

16. Defendant intends to rely upon such other affirmative defenses as may become available or apparent during discovery, and reserve the right to amend his answer to assert any such defenses.

**IMPROPER JURY DEMAND**

Plaintiff is not entitled to a jury trial with respect to any of the remaining claims against Defendant, and thus their request for a jury trial should be stricken.

WHEREFORE, Defendant respectfully requests that this Court:

1) Dismiss Plaintiff's Complaint and each cause of action thereof with prejudice;

2) Award judgment on Defendant's behalf;

3) Award Defendant his costs incurred herein, including attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1); and

4) Award Defendant such other and further relief as the Court may deem just and proper.

                            Respectfully submitted,

                            GERARD J. GRIFFIN, JR.

                            By his attorneys,

                            MORGAN, BROWN & JOY, LLP
                            One Boston Place, Suite 1616
                            Boston, MA 02108-4472
                            Telephone: (617) 523-6666
                            Facsimile: (617) 367-3125

                            By:    s/Robert P. Morris
                                    Robert P. Joy
                                    B.B.O.#254820
                                    Robert P. Morris
                                    B.B.O #546052

Dated: October 29, 2004

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on October 29, 2004, a copy of the foregoing document was served upon Michael T. Cetrone, Nutter McClennen & Fish LLP, World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2604, by first class mail, postage prepaid, and on all other counsel by electronic notice.

                            s/Robert P. Morris
                            Robert P. Morris